IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTT WALTER, et al. | : |
| PLAINTIFFS, | : |
| v. | : CIVIL ACTION NO.<br>: 08-3193 |
| WORLD SAVINGS & LOAN CO., et al., | : |
| DEFENDANTS. | : |

## DEFENDANT CAPITAL FINANCIAL'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendant Capital Financial Mortgage Corporation hereby answers the Complaint of Plaintiffs Scott Walter and Michelle Walter, asserts the following Affirmative Defenses and sets forth the following Counterclaim against Plaintiff Scott and Michelle Walter:

### Answer

1. Admitted upon information and belief.

2. Admitted that Capital is a mortgage broker. The remaining allegations are denied as stated.

3. After reasonable investigation, Defendant Capital is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

4. Admitted only that James Mantuano was a representative of Capital at the time he dealt with Plaintiffs. The remaining allegations are denied as stated.

5. Admitted only as to the characterization of the first and second mortgage and credit card balances that Plaintiffs had as of March 2007, and that Defendants agreed to meet with Plaintiffs. The remaining allegations are denied.

6. Admitted only that Mantuano met with Plaintiffs at Plaintiffs' home and that he provided certain written materials as part of the meeting. The remaining allegations are denied as stated.

7. Denied.

8. Admitted only that the ultimate loan transaction ended up involving payment of two of the credit card accounts in question. The remaining allegations are denied.

9. Admitted only that Plaintiffs proceeded with the loan. The remaining allegations are denied.

9. Defendant Capital objects that there are two paragraphs numbered 9. The second paragraph labeled with the number 9 sets forth legal conclusions to which no response is required.

10. Admitted only that a document was provided with various disclosures. The remaining allegations are denied.

11. Admitted only that Plaintiffs asked whether they were permitted to have counsel at closing. The remaining allegations are denied.

12. Admitted only that the closing occurred on July 5, 2007. The remaining allegations are denied.

13. Denied.

14. Denied.

### Answer to Count I

1. Defendant Capital incorporates by reference its previous responses.

2. Denied.

3. Denied.

4. After reasonable investigation, Defendant Capital is without knowledge or information sufficient to form a belief as to allegations involving parties identified as "NSMC" and "Gallant." To the extent these allegations were intended to reference Defendants here, the allegations are denied.

5. Denied.

6. This paragraphs sets forth legal conclusions to which no response is required. To the extent a response is deemed required of Capital, the allegations are denied.

7. This paragraphs sets forth legal conclusions to which no response is required. To the extent a response is deemed required, the allegations are denied.

### Answer to Count II

1. Defendant Capital incorporates by reference its previous responses.

2. Denied.

3. Denied.

### Answer to Count III

1. Defendant Capital incorporates by reference its previous responses.

2. Denied.

3. Admitted that Plaintiffs are attempting to assert a claim for punitive damages. Denied that they are entitled to recover such damages, or any damages.

4. Denied.

### Answer to Count IV

1. Defendant Capital incorporates by reference its previous responses.

2. Denied.

3. Denied.

### Answer to Count V

1. Defendant Capital incorporates by reference its previous responses.

2. Denied.

### Answer to Count VI

1. Defendant Capital incorporates by reference its previous responses.

2. Denied.

WHEREFORE, Defendant Capital respectfully requests that this Court enter judgment in its favor and against Plaintiffs, and further award Defendant Capital its costs and such other and further relief as the Court deems just and proper.

### Affirmative Defenses

1. Plaintiffs have failed to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statutes of limitation.

3. Plaintiffs' claims are barred by the doctrine of estoppel.

4. Plaintiffs' claims are barred by laches.

5. Plaintiffs' claims are barred by the doctrine of waiver.

6. Plaintiffs' claims are barred by their own contributory negligence.

7. Plaintiffs' claims are barred by their own fraud.

8. Plaintiffs' claims are barred by the doctrine of illegality.

9. Plaintiffs' claims are barred because of their failure to mitigate their alleged damages.

10. Plaintiffs' claims are barred by their own unclean hands.

WHEREFORE, Defendant Capital respectfully requests that this Court enter judgment in its favor and against Plaintiffs, and further award Defendant Capital its costs and such other and further relief as the Court deems just and proper.

## Counterclaim

1. Defendant/Counterclaim Plaintiff Capital incorporates by reference its responses to the Complaint and its Affirmative Defenses.

2. On July 5, 2007, Plaintiffs/Counterclaim Defendants and Capital Financial entered into a Mortgage Brokerage Business Contract ("Broker Contract").

3. The Broker Contract memorialized the terms pursuant to which Capital provided mortgage brokerage services to the Walters.

4. Capital Financial was defined as the "Brokerage Business" under the Broker Contract.

5. Under the heading "Litigation," the Broker Contract provides as follows: "in the event of any litigation arising out of this Agreement, Brokerage Business [i.e. Capital Financial] shall be entitled to all costs incurred, including attorney's fees, whether before trial, at trial, or an appeal, or in any other administrative or quasi-judicial proceedings."

6. Pursuant to the "Litigation" clause in the Broker Contract, Capital is entitled to the attorney's fees and costs that it has incurred and will continue to incur in

defending this lawsuit, all of which has proximately caused Capital to suffer financial harm.

WHEREFORE, Capital respectfully requests that this Court enter a declaratory judgment pursuant to 28 U.S.C. §2201-2202, and Fed.R.Civ.P. 57, declaring that Plaintiffs/Counterclaim Defendants Scott and Michelle Walter must pay to Capital the attorney's fees and costs that Capital has incurred and will incur in defending this lawsuit, and to award such damages to Capital upon proof thereof, together with interest and such other and further relief as the Court deems just and proper.

DATED: 1-7-09        BY: _____

**Michael D. LiPuma**
**Law Office of Michael LiPuma**
**325 Chestnut Street, Suite 1109**
**Philadelphia, PA  19106**
**Ph:  (215) 922-2126**
**Fax: (215) 922-2128**

## **CERTIFICATION**

I certify that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding nor is any other action or arbitration proceeding contemplated. I am not aware of any non-party who should be joined in this action or who is subject to joinder because of a potential liability to any party on the basis of the same facts.

_____  1-7-09

Michael D. LiPuma

RECEIVED-CLERK
U.S. DISTRICT COURT
2009 JAN -8  A 11: 29

## CERTIFICATE OF SERVICE

I certify that on _____ 1-7-09 _____, I caused a copy of the foregoing document, together with all supporting papers, to be served by electronic mail upon the following:

> Diane Bettino
> REED SMITH LLP
> Princeton Forrestal Village
> 136 Main Street
> Suite 250
> Princeton, NJ  08540
>
> Howard Gutman
> 230 Route 206
> Suite 307
> Flanders, NJ  07836

_____
Michael D. LiPuma

RECEIVED-CLERK
U.S. DISTRICT COURT
2009 JAN -8  A 11: 28